# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | NO. CR-11-00360-001-HE |
| | ) | |
| CODY ALLAN SITLINGTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Defendant Cody Sitlington has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate, set aside or correct his sentence. In 2011, Sitlington was charged with being a felon in possession of a firearm. Sitlington attempted to suppress evidence related to the firearm, but failed, and then conditionally pled guilty. Sitlington's criminal history included three Oklahoma felonies: possession of a precursor substance with intent to manufacture a controlled substance, assault and battery on a police officer, and assault and battery with a dangerous weapon. Based on those three prior convictions, the court concluded he should be sentenced as an armed career criminal under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924. He was sentenced to 235 months in prison.

Sitlington appealed his conviction, arguing that the firearm evidence should have been suppressed. The Tenth Circuit affirmed his conviction. He now challenges his sentence, claiming that his prior convictions for assault and battery on a police officer (21 OKLA. STAT. § 649) and assault and battery with a dangerous weapon (21 OKLA. STAT. § 645) do not qualify as violent felonies under the ACCA. The court concludes Sitlington's motion must be granted.

Sitlington's argument hinges on the Supreme Court's recent decision in Johnson v. United States, 135 S. Ct. 2551 (2015), the holding of which has been made retroactive to cases on collateral review by Welch v. United States, 136 S. Ct. 1257 (2016). Johnson involved a vagueness challenge to the ACCA's "residual clause." The ACCA establishes an enhanced penalty scheme, including a fifteen year minimum sentence, for persons convicted of, among other things, being a felon in possession of a firearm and who have three prior convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). The ACCA defines violent felonies to include offenses that involve the use or threat of physical force against another person and certain other enumerated crimes. The definition also includes any offense which "otherwise involves conduct that presents a serious potential risk of physical injury to another . . . ." Id. § 924(e)(2)(B)(ii). This latter phrase is commonly referred to as the "residual clause." In Johnson, the Supreme Court determined that the residual clause was unconstitutionally vague. 135 S. Ct. at 2257. The Court noted, however, that Johnson did not affect the ACCA's reliance on the specifically enumerated offenses identified as violent felonies or those that qualified as violent felonies under other parts of the ACCA. Id. at 2563.

Sitlington argues that both assault and battery convictions are invalid due to Johnson. He asserts, in essence, that those convictions only qualify as violent felonies under the now-defunct residual clause, and therefore he is not eligible for an enhanced ACCA sentence.

The court concludes the dispositive issue here is the nature of Sitlington's prior conviction for assault and battery on a police officer. Both parties cite United States v.

2

Smith, 652 F.3d 1244 (10th Cir. 2011), and it is that case that weighs most heavily in the court's decision. In Smith, a criminal defendant challenged his sentence enhancement under the ACCA. One of his predicate offenses was an Oklahoma conviction for assault and battery on an Office of Juvenile Affairs employee. *Id.* at 1245-46. The Tenth Circuit examined the relevant criminal statute and Oklahoma's definitions of assault and battery. *Id.* at 1246-47. The Tenth Circuit noted that, under Oklahoma law, the slightest offensive touch can qualify as a battery, and therefore concluded that "[a]s interpreted by the Oklahoma Court of Criminal Appeals, the statute clearly reaches behavior that does not 'ha[ve] as an element the use, attempt use, or threatened use of physical force against the person of another' as required for enhancement under 18 U.S.C. § 924(e)(2)(B)(i)." *Id.* at 1247. The Court also concluded, however, that while the challenged conviction did not qualify as a violent felony because it involved the use or threatened use of force, it did qualify as a violent felony based on the residual clause. *Id.* at 1249. Per Johnson, the residual clause is now unconstitutional.

The statute at issue in Smith is substantially the same as the statute under which Sitlington was convicted, 21 OKLA. STAT. § 649, except that § 649 addresses assault and battery on a police officer rather than a Juvenile Affairs employee. But the elements of the crimes are the same, and the Government has not identified any persuasive distinction that might render Smith's analysis inapplicable. The Government's only argument on that point is that the Tenth Circuit did not consider what assault and battery might entail when coupled together, as the Oklahoma definition of "assault" could possibly qualify as a threatened use of force under the ACCA. There is reason to doubt that the Court of

3

Appeals would find that theory persuasive as to the particular statute at issue here,[1] but it unnecessary to belabor the question. <u>Smith</u> substantially addresses the conviction under 21 OKLA. STAT. § 649 and the court views its characterization of the statute for ACCA purposes as binding. The court therefore concludes that Mr. Sitlington's conviction for assault and battery on a police office does not qualify as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i). With the demise of the residual clause, there is no other provision of the ACCA that would support an enhanced sentence based on that conviction.[2]

As Sitlington does not have three qualifying convictions for sentence enhancement under the ACCA, his motion to vacate, set aside, or correct his sentence [Doc. #77] is **GRANTED**. The judgment and commitment order entered in this case on October 22, 2012 [Doc. #62], will be **VACATED**, effective upon Sitlington's resentencing. Resentencing is set for Friday, January 27, 2017, at 1:30 p.m., in courtroom 301.

**IT IS SO ORDERED**

Dated this 20th day of December, 2016.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[1] In <u>United States v. Taylor</u>, ___F.3d___, 2016 WL 7187303 (10th Cir., Dec. 12, 2016), the court concluded the offense of assault and battery with a dangerous weapon under 21 OKLA. STAT. §645 constituted a "crime of violence" for purposes of U.S.S.G. 4B1.2 because the pertinent elements of the statute necessarily included a threat of the use of violent force. The requirement for use of a dangerous weapon was central to its conclusion. There is no similar requirement in 21 OKLA. STAT. §649, the statute at issue as to Mr. Sittlington.

[2] <u>Taylor</u> appears to undercut defendant's challenge to his conviction under 21 OKLA. STAT. § 645, but it is unnecessary to definitively resolve that issue here, as the ACCA requires three predicate offenses and only two arguably remain.